IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-20473
Summary Calendar
_____

SANDRA K. FORBES,

Plaintiff-Appellant,

versus

CATALYST TECHNOLOGY INC.; CRI INTERNATIONAL
INC.; SHELL OIL COMPANY,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-99-CV-3834
_____
January 23, 2002
Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this case, Sandra Forbes, a black Jamaican female, alleges that her former employers, Catalyst Technology and CRI International, along with their affiliate Shell Oil, violated 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 1981. According to Forbes, the defendants (1) created a hostile work environment based on her race and gender, (2) paid her less than white employees who performed the same tasks, and (3) retaliated against her because

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

she reported discriminatory treatment of another black employee. The district court adopted the magistrate judge's recommendation and granted summary judgment in favor of the defendants on all of Forbes's claims. We agree and affirm the district court's judgment.

The district court granted summary judgment on Forbes's hostile work environment claim because the harrassing conduct that Forbes identifies was not sufficiently severe or pervasive to give rise to liability. To support her claim, Forbes points to several instances of offensive behavior at her workplace: (1) derogatory comments by co-workers concerning black employees and Jamaicans, (2) an ambiguous remark about school busing and other assorted mean-spirited conduct by her supervisor, (3) discriminatory treatment of a black male employee who failed a drug test, (4) inappropriate sexual comments by a male co-worker, (5) CRI International's refusal to consider her for a position in the accounting department, and (6) inadequate investigation of Forbes's complaints about the above conduct.

To survive summary judgment on her hostile work environment claim, Forbes must produce evidence of conduct by her employer "that is so severe and pervasive that it destroys a protected classmember's opportunity to succeed in the workplace." Weller v. Citation Oil & Gas Corp., 84 F.3d 191, 194 (5th Cir. 1996). The conduct alleged by Forbes was largely episodic and does not rise to the level required for liability as a hostile work environment

under Title VII.  Cf. Indest v. Freeman Decorating, Inc., 164 F.3d 258, 264 (5th Cir. 1999) ("Incidental, occasional or merely playful sexual utterances will rarely poison the employee's working conditions to the extent demanded for liability.  Discourtesy or rudeness, 'offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in terms and conditions of employment.'" (internal quotation marks and citation omitted)).  As a consequence, the district court did not err in granting the defendants summary judgment on this claim.

The district court granted summary judgment on Forbes's claim of compensation discrimination because Forbes presented insufficient evidence that Catalyst Technology's nondiscriminatory reason for paying her less than her predecessors was a pretext for discrimination.  Catalyst Technology contends that it paid Forbes less because, unlike her predecessors, Forbes did not have a college degree.  Forbes responds that she has the required qualifications for her position,[1] including the "equivalent" of a college degree (namely, 106 of the 126 hours required for a degree) and five years of relevant experience.  As a result, she argues that she was entitled to the same compensation as her predecessors.  Relying on a comment by a Catalyst Technology employee, Forbes further argues that Catalyst Technology's proffered explanation

---

[1]The position requires "a four year degree in a related field or equivalent and five plus years personnel experience in catalyst handling or petrochemical/refining/maintenance service industry."

3

contradicts its "policy" of paying employees according to their duties and not according to their qualifications.

We agree with the district court that Forbes has not presented sufficient evidence to create a genuine question of fact concerning the legitimacy of Catalyst Technology's nondiscriminatory explanation for Forbes's lower salary. Even assuming that Forbes possessed the minimum qualifications required for the position, Catalyst Technology could properly choose to pay her less because she had not yet received a college degree and had less experience than her predecessors. Furthermore, there is no support in the record for the proposition that Catalyst Technology has a policy *prohibiting* consideration of qualifications in setting salaries. We also note that the evidence of racial animus discussed above is insufficient to raise an issue of material fact concerning whether the proffered explanation is pretexual. In sum, the district court did not err in granting the defendants summary judgment on Forbes's discriminatory compensation claim.

Finally, the district court granted summary judgment on Forbes's retaliation claim because Forbes could not prove that she was the subject of an adverse employment action, which is required to establish a *prima facie* case of retaliation under Title VII. See Evans v. City of Houston, 246 F.3d 344, 351 (5th Cir. 2001) (outlining elements of *prima facie* case). Forbes argues that she received a lower raise and was constructively discharged because

4

she complained about the discriminatory treatment of another black employee.

Forbes first argues that she suffered an adverse employment action based on the amount of the raises she received. Six months after she was hired as a human resources administrator, Catalyst Technology awarded her a $2000 raise. Six months after that, she received a $1500 raise. Forbes argues that Catalyst Technology reduced the amount of the second raise because she complained about the discriminatory treatment of a black co-worker. Forbes has not produced any evidence, however, that she would have received a higher raise absent the alleged retaliation or that she was otherwise entitled to the higher amount. Indeed, Catalyst Technology presented evidence that it is unusual for an employee to receive two raises in one year because salary reviews typically occur only once per year.

Second, Forbes argues that Catalyst Technology constructively discharged her by means of the harassment described above. To show a constructive discharge, Forbes "must offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to resign." Barrow v. New Orleans S.S. Ass'n, 10 F.3d 292, 297 (5th Cir. 1994). The plaintiff must demonstrate a "greater severity or pervasiveness of harassment than the minimum required to prove a hostile work environment claim." Benningfield v. City of Houston, 157 F.3d 369, 378 (5th Cir. 1998).

5

Relying on the evidence of harassment discussed above, Forbes argues that she has raised a genuine issue of fact whether Catalyst Technology's conduct constitutes a constructive discharge.  As we noted above, however, the harassment described by Forbes is not sufficiently pervasive or severe to satisfy the requirements for a hostile work environment claim.  Because the standard for constructive discharge claims is higher than that for hostile work environment claims, Forbes cannot show that she was constructively discharged by Catalyst Technology.

We therefore agree with the district court that Forbes's retaliation claim fails because she has not suffered an "adverse employment action."

Accordingly, we hold that the district court did not err in granting summary judgment in favor of the defendants on all of Forbes's claims, and its judgment is

AFFIRMED.